FILED

2013 Sep-06  PM 01:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **CHRISTY DIANE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:12-CV-0809-VEH** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **ACTING COMMISSIONER,** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION[1]

Plaintiff Christy Diane Hayes ("Ms. Hayes") brings this action under 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application Supplemental Security Income

---

[1] The court notes that on February 14, 2013, Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the officer of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

("SSI").[2]  Ms. Hayes timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).[3]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Hayes was 35-years old at the time of her hearing before the administrative law judge ("ALJ").  (Tr. 40).  She has a twelfth-grade education.  (Tr. 40).  Ms. Hayes has no past relevant work experience.  (Tr. 26, 66).  Ms. Hayes claims she became disabled on August 25, 2009, due to a torn left medial meniscus, diabetes mellitus, hypertension, obesity, OCD, PTSD, depression, and anxiety disorder.  (Tr. 22).

Ms. Hayes filed her application for SSI on August 25, 2009.  (Tr. 20, 129, 134). The Commissioner denied the claim on October 20, 2009.  (Tr. 79).  Ms. Hayes filed a timely written request for a hearing on October 30, 2009.  (Tr. 85).  The hearing was held on May 12, 2011.  (Tr. 35-69).  The ALJ concluded that Ms. Hayes was not disabled and denied her application on June 24, 2011.  (Tr. 23-24).

On October 13, 2011, Ms. Hayes submitted additional evidence from her

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks SSI or Disability Insurance Benefits ("DIB").  However, separate, parallel statutes and regulations exist for SSI and DIB claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

treating psychiatrist, M. Elizabeth Lachman ("Dr. Lachman"), in support of her SSI claim to the Appeals Council (the "AC"). (Tr. 315-17). The AC denied Ms. Hayes's request for review on January 9, 2012. (Tr. 1-3). Within its correspondence denying review, the AC indicated that while it had considered Ms. Hayes's supplemental proof and related brief, "th[e] information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2).

Ms. Hayes filed this action for judicial review of the ALJ's decision on March 3, 2012. (Doc. 1). This court has carefully considered the record, and for the reasons stated below, finds that the decision of the Commissioner should be reversed and remanded for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support

a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, current through July 11, 2013.

disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has a severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)    whether the claimant can perform his or her past work; and
(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id.*

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Hayes has not engaged in substantial gainful activity since the onset of her alleged disability on August 25, 2009.  (Tr. 22).  He also decided that Ms. Hayes' diabetes mellitus, hypertension, obesity, and generalized anxiety disorder constitute "severe" impairments based on the requirements set forth in 20 C.F.R. § 416.920(c) of the Regulations.  (Tr. 22).  The ALJ then held that Ms. Hayes's medically determinable impairment do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security Regulations. (20 C.F.R. §§ 416.920(d), 416.925, and 416.926); (Tr. 23).

The ALJ determined that Ms. Hayes retains a residual functioning capacity ("RFC") to perform light work with the following nonexertional abilities, limitations and restrictions: mild limitation in concentration, persistence and pace; mild limitation in the ability to perform activities of daily living; mild-to-moderate limitation in social functioning which limits claimant to casual contact with co-workers and the general public.  (Tr. 24).  The ALJ further found that Ms. Hayes is unable to work around unprotected heights, hazardous equipment, ladders/ropes/scaffolds; and can occasionally balance, kneel, crouch, crawl, and climb

ramps/stairs. *Id.*

Relying upon vocational expert testimony, the ALJ then determined that Ms. Hayes "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 27). Such positions, given Ms. Hayes's RFC of light work with additional limitations, include bakery worker, line clerk, and cleaner. *Id.* Accordingly, the ALJ ultimately concluded that Ms. Hayes has not been under a disability, as defined in the Social Security Act, since August 25, 2009, the date on which she filed her SSI application, and denied her claim. *Id.*

## ANALYSIS[5]

### I. INTRODUCTION

The court may only reverse a factual finding of the Commissioner if it is not supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

---

[5] The following framework, analysis, and disposition persuasively flow from the undersigned's decision in *Culver v. Astrue*, No. 4:11-CV-3286-VEH, (Docs. 16,17) (N.D. Ala. Feb. 19, 2013) and *Nix v. Astrue*, No. 1:12-CV-1128-VEH, (Docs. 11, 12) (N.D. Ala. Aug. 23, 2013).

Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]

However, the court "abstains from reweighing the evidence or substituting its own

judgment for that of the [Commissioner]." *Walden*, 672 F.2d at 838 (citing *Laffoon*

*v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977)).

In her appeal, Ms. Hayes "requests that her case be remanded for a full and

proper consideration of the medical evidence of record, including the opinion of her

treating psychiatrist, Dr. Lachman." (Doc. 8).  The court turns to the AC's treatment

of the additional evidence provided by Dr. Lachman in support of Ms. Hayes's SSI

claim and agrees with Ms. Hayes that, under the circumstances of her case, the

Commissioner has committed reversible error.  The court alternatively concludes that

the ALJ's treatment of the medical opinion evidence in his decision constitutes

reversible error.[7]

## II.   THE AC INADEQUATELY REVIEWED MS. HAYES'S NEW EVIDENCE.

As pointed out above, after the ALJ rendered his decision that was adverse to

her, Ms. Hayes provided the AC with new evidence from her treating psychiatrist, Dr.

Lachman, regarding her mental health and its impact on her ability to be gainfully

---

[6] *Strickland* is binding precedent in this Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

[7] Thus, the court does not reach the other issues presented in this appeal.

employed. (Doc. 11 at 4). Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The AC has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b) (2012). However, the AC must consider evidence that is (1) new (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result . . . ." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citing *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). It is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). If these conditions are satisfied, the AC must then review the case to see whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

In reviewing the Commissioner's decision to deny Ms. Hayes benefits, this court must evaluate any evidence not submitted to the ALJ but instead first considered by the AC. *Ingram*, 496 F.3d at 1257. The new evidence need not satisfy the requirements for a remand under sentence six of 42 U.S.C. § 405(g). *Id.* at 1262. That is, Ms. Hayes need not show good cause for her failure to present the evidence

to the ALJ.  *See id.*   Rather, "when a claimant [has] properly present[ed] new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  *Id.*

On October 13, 2011, Ms. Hayes submitted a two page "PATIENT SUMMARY OF TREATMENT" from Dr. Lachman dated October 12, 2011.  Within this document, Dr. Lachman describes the nature of Ms. Hayes's serious mental health illness and responds to the ALJ's criticisms of her prior vocational assessment of Ms. Hayes's mental abilities:

> The honorable ALJ so deftly points out that there are inconsistencies in the patient's testimony and some of my observations and conclusions.  The patient has severe OCD which would drive colleagues and supervisors nutty to the point of intolerability and preclude her from finishing most if any tasks.

> The honorable ALJ states unequivocally that I did no testing clearly imperceptible of the fact that every psychiatrist begins testing the patient the moment the patient is seen, from every aspect of verbal and non-verbal behavior taking into consideration all the variables that constitute that person's personality, mental function and their overall person.  This is a skill developed and honed starting in residency **and continued with** the experience of hundreds of patients of every sort.

(Tr. 316-17 (emphasis in original)).

Dr. Lachman includes in her report an analysis of nine areas of vocational functioning applicable to Ms. Hayes.  (Tr. 317).  With the exception of encountering problems doing a routine job in which Dr. Lachman gives Ms. Hayes a rating of

"Moderate," all other categories are classified as having problems which are either "Marked" or "Extreme". (Tr. 317). At the end of her report, Dr. Lachman opines that the earliest point in which Ms. Hayes might be able to re-enter the workforce would be at least twelve months. (*See id.* ("**Not less than 12-24 months, but probably never**[.]" (emphasis in original))).

The court must first determine whether this evidence is new, material, and chronologically relevant. *Ingram*, 496 F.3d at 1261. This document is "new" in that it is not cumulative to the evidence that Ms. Hayes presented to the ALJ. *Cf. Caulder v. Brown*, 791 F.2d 872, 877 (11th Cir. 1986) (holding that "new objective medical evidence" presented first to the AC was not cumulative to the evidence proffered to the ALJ regarding the same underlying ailment).

While the ALJ did previously review records and opinions from Dr. Lachman when deciding Ms. Hayes's disability claim (Tr. 23, 26), Dr. Lachman's subsequent patient history summary is non-cumulative as it not only addresses the ALJ's criticisms of her initial medical source opinion, but also it analyzes certain categories of work-related abilities that were not covered in Dr. Lachman's first vocationally-related opinion. (*Compare* Tr. 302-03, *with* Tr. 317).

Whether the summary is "material" and "chronologically relevant" is an intertwined question. While Dr. Lachman's second medical source statement was

generated after June 24, 2011 – the date of the ALJ's disability determination, that temporal marker does not necessarily make the information chronologically irrelevant. *Cf. Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("[A] treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date." (citing *Dousewicz v. Harris*, 646 F.2d 771, 774 (2d Cir. 1981)), *superseded on other grounds by* 42 U.S.C. § 423(d)(5)).

Here, the court concludes that Dr. Lachman's second report is chronologically relevant, as it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). This summary evaluation occurs within four months of the ALJ decision date and describes psychological symptoms manifested by Ms. Hayes that, due to their nature and severity, could bear on her condition during the relevant period between August 25, 2009, and June 24, 2011. In other words, there is a "reasonable possibility" that the evidence, if credited, would persuade the ALJ in this case to reverse its decision. *Hyde*, 823 F.2d at 459.

The AC here agreed with this assessment, insofar as it decided to consider Ms. Hayes's new evidence. (Tr. 2). However, the court concludes that the AC did not perform sufficient review of the information based upon binding Eleventh Circuit precedent. Whenever a claimant properly presents new evidence, and the AC denies

review, the AC must show in its written denial that it has adequately evaluated the new evidence. *See Epps v. Harris*, 624 F.2d 1267, 1272-73 (5th Cir. 1980) ("In affirming the hearing decision, the Appeals Council merely noted that it had considered the additional evidence submitted by Epps and found the ALJ's decision to be 'correct.'"); *id.* at 1273 ("Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it.").

If the AC merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence. *Epps*, 624 F.2d at 1273 ("<u>This failure alone</u> makes us unable to hold that the Secretary's findings are supported by substantial evidence . . .") (emphasis added).

In such situations, it is appropriate for the district court to remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.* (citing *Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967)); *see also Bowen v. Heckler*, 748 F.2d 629, 634, 636 (11th Cir. 1984) (citing *Epps* and indicating that court had previously "been unable to hold the Secretary's findings were supported by substantial evidence under circumstances such as these[,]" but ultimately distinguishing record in *Bowen* from *Epps* and other authorities and instead holding that an award of benefits, rather than a remand to the Commissioner for further development, was appropriate) (citing *Epps*, 624 F.2d at

13

1273); *Ingram*, 496 F.3d at 1962 ("Nearly forty years ago, our predecessor circuit considered evidence first presented to the Appeals Council to determine that an application for benefits required further consideration by the Commissioner." (citing *Daniel v. Gardner*, 390 F.2d 32 (5th Cir. 1968))); *Ingram*, 496 F.3d at 1263 (quoting *Bowen* to the same effect of an inadequate evaluation by the AC and rejecting the Commissioner's theories that "the law has since changed").

In this case, the AC plainly failed to review Ms. Hayes's new evidence adequately. The AC summarized its evaluation of such proof in the following way:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2). This review is purely conclusory, and it epitomizes "perfunctory adherence" to the ALJ decision. The AC purported to have considered the new evidence, but yet offered no material basis for affirming the ALJ's decision. Thus, as established under *Epps*, remanding the case on account of the AC's error is appropriate.

The court acknowledges that at least one unpublished decision issued by the Eleventh Circuit a few years ago calls into question the Fifth Circuit's pre-*Bonner* holding in *Epps*. *See Mansfield v. Astrue*, 395 Fed. App'x 528, 530 (11th Cir. 2010)

14

(rejecting claimant's contention that the AC had "inadequately explained its decision to deny review"). In *Mansfield*, the claimant argued that the AC was "required to explain in non-conclusory terms why the additional evidence she submitted would not have changed the administrative result." *Id.* The unpublished panel there disagreed, citing *Ingram*'s holding that a reviewing district court must evaluate such a claimant's new evidence de novo. *Id.* Because the reviewing court is able to "evaluate the claimant's evidence anew," the AC need not provide a thorough explanation for its denial of review. *Id.*

However, a subsequent unpublished opinion issued by the Eleventh Circuit declined to adopt *Mansfield*'s reasoning when faced with a similar fact scenario. *See Flowers v. Comm'r of Soc. Sec.*, 441 Fed. App'x 735, 745, 747 (11th Cir. 2011) (holding, under the *Epps* standard, that the AC inadequately evaluated the new evidence presented by the claimant and remanding "to the Commissioner for consideration of the post-hearing evidence in conjunction with all the other evidence in the record.").[8]

---

[8] In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2. Indeed, under the well-established "prior panel precedent rule" of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, and it binds all subsequent panels unless and until the first panel's holding is overruled by the court sitting en banc or by the Supreme Court. *E.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991))).

In any event, this court is bound by the unambiguous holding of *Epps* regarding the sufficiency of the AC's review of new evidence. Furthermore, *Epps* has not been overruled, abrogated, or otherwise undermined by any underlined decision issued by the Eleventh Circuit and, to the contrary, has been reinforced by subsequent binding authorities such as *Bowen* and *Ingram*.[9] For this reason, the court reverses and

---

[9] To be clear, the Eleventh Circuit cited to *Epps* with approval in *Bowen*, but ultimately distinguished *Epps* and awarded relief in the form of a benefits award rather than a remand for further development. *Bowen*, 748 F.2d 629, 634, 636. *Bowen* was, in turn, cited with approval in *Ingram*. *Ingram*, 496 F.3d at 1263.

Oddly, *Epps* was cited with approval in *Ingram* as a case involving "[a] remand to the Commissioner . . . under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court." *Ingram*, 496 F.3d at 1267 (emphasis added).

In *Ingram*, the Eleventh Circuit summarized the claimant's new evidence AC arguments as follows:

> Ingram presents two alternative arguments about the treatment of the new evidence she presented to the Appeals Council. Ingram's first argument is flatly contrary to the record and easily dismissed. Her alternative argument is more complicated but persuasive.

> Ingram first argues that the Appeals Council failed to consider her new evidence of mental disability, *see* 20 C.F.R. § 404.900(b), but the record establishes otherwise. The Appeals Council accepted Ingram's new evidence but denied review because, even in the light of Dr. Wilson's report, the Appeals Council found no error in the opinion of the administrative law judge. Ingram's argument that the Appeals Council erroneously rejected her newly proffered evidence fails.

> Ingram argues alternatively that, if the Appeals Council accepted her new evidence, then the Appeals Council erroneously concluded that the administrative law judge's decision was not contrary to the weight of the evidence and should have granted review of her case.

*Ingram*, 496 F.3d at 1261-62 (emphasis added). In addressing, the claimant's second contention in

remands the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Epps*, 624 F.2d at1273.[10]

## III.   ALTERNATIVELY, THE ALJ COMMITTED MULTIPLE ERRORS IN HIS TREATMENT OF THE MEDICAL OPINION EVIDENCE.

It is well settled in the Eleventh Circuit that an ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision."); *Cowart*, 662 F.2d at 735 ("In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial

---

*Ingram*, the Eleventh Circuit "conclude[d] that the district court erred by not reviewing the decision of the Appeals Council in the light of Dr. Wilson's psychological report . . . and <u>remand[ed] for the district court to undertake that review in the first instance</u>."  496 F.3d at 1267 (emphasis added). Thus, *Ingram* is not an *Epps*-driven remand (and, indeed, the Eleventh Circuit in *Ingram* appears to have significantly mischaracterized how *Epps* was decided), but *Ingram* does embrace *Bowen*'s reasoning, which precedent is premised upon *Epps*'s perfunctory adherence test.

[10] This decision accords with that reached very recently by a court in the Middle District of Florida. *Freudenvoll v. Comm'r of Soc. Sec.*, No. 6:12-CV-467-Orl-22GJK, 2013 WL 388683 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted by* 2013 WL 394012 (M.D. Fla. Jan. 31, 2013).  In *Freudenvoll*, the court detailed the judicial and administrative background behind the dispute over the scope of review demanded of the Appeal Council when claimants properly submit new evidence before it. *Id.* at *9-12.  As it notes, in 1995, the Commissioner issued a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific response to contentions in denial notices." *Id.* at *10 (citing HALLEX § 1-3-5-90, 2001 WL 34096367).  This "temporary" suspension is still in effect. *Id.* However, the undersigned agrees with the *Freudenvoll* court that district courts in the Eleventh Circuit are still bound by the precedent announced in *Epps* and reiterated in *Bowen* and *Ingram*. *Id.* at *11-12.

evidence."); *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985) ("The decision rendered by the ALJ also does not make clear the weight accorded the evidence considered."); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985) ("We cannot, however, conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." (citing *Owens v. Heckler*, 748 F.2d 1511 (11th Cir. 1984))).

With respect to an ALJ's consideration of medical opinions more specifically, the following framework applies:

> In assessing the medical evidence in this case, the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Further, he was required to accord considerable weight to appellant's treating physician's opinion absent good cause for not doing so. *Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir. 985) (per curiam). The opinions of nonexamining, reviewing physicians, such as those of Drs. Thomas and Register, when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence. *See Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (per curiam). Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam).

> The ALJ, here, disregarded these rules in assigning weight to the various medical opinions. The only opinions that indicated that appellant could meet the medium work requirements of 20 C.F.R. 404.1567(c) (1986) were those of the nonexamining physicians, Drs. Thomas and Register. Their opinions were entitled to little weight, however, and could not serve as substantial evidence.

*Shafarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987) (emphasis added).

In addressing the medical opinion evidence relevant to Ms. Hayes's mental functioning, the ALJ stated:

> As for the opinion evidence, the undersigned is not persuaded by the MSOFM completed by Dr. Lachman.  The various marked and extreme limitations reported by the doctor are at variance with the other treatment records as summarized herein above, and at variance with the claimant's own testimony wherein, among other things, she reported that she got along with supervisors and other people.  Furthermore, this Doctor has only seen this claimant on two occasions, has not done any testing and apparently had not opportunity to review claimant's limited medical records.  The undersigned has [a]lso considered the opinion at 2F.  This Doctor found only mild mental limitations.  The undersigned agrees with him with regards to his ratings on persistence and pace and activities of daily living.  However, he did not hear the claimant's testimony with regard to her functioning around large groups of people.  This is why she was limited to casual contact with the general public and co-workers.

(Tr. 26).

Here, the ALJ's decision runs afoul of *Shafarz*'s rules relating to the treatment of medical opinion evidence.  In particular, the ALJ failed to specify the weight he gave to the competing medical opinions about Ms. Hayes's mental functioning rendered by her treating psychiatrist, Dr. Lachman, and the state agency physician, Samuel D. Williams, M.D. ("Dr. Williams").  (*See* Tr. 229-242 (Exhibit 2F)).

Additionally, while the ALJ appeared to give little weight to Dr. Lachman's opinions because she had only seen Ms. Hayes twice, the ALJ then agreed, at least

in part, with Dr. Williams's conclusions about Ms. Hayes's mental functioning even though Dr. Williams is not a psychiatrist and he never saw Ms. Hayes <u>on any occasion</u>. Further, as *Shafarz* confirms, an opinion by a nonexmaining physician like Dr. Williams is entitled to little weight and cannot serve as substantial evidence in support of the ALJ's decision.

Furthermore, even though "[t]he law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary[,]" *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)), the ALJ neither fully rejected nor accepted Dr. Lachman's opinions. Instead he purportedly substantially accepted a portion of Dr. Lachman's evaluation of Ms. Hayes's mental functioning over the opinions of Dr. Williams, and then apparently rejected the rest of Dr. Lachman's conclusions. More specifically, consistent with Dr. Lachman's findings and disregarding those of Dr. Williams,[11] the ALJ concluded that Ms. Hayes's anxiety disorder was a severe impairment, but that the condition was not as severe as Dr. Lachman opined in her medical source statement. Such ambiguous treatment of Dr. Lachman's critical medical opinion constitutes reversible error. *Cf. Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985) ("The decision rendered by

---

[11]  Dr. Williams classified Ms. Hayes's anxiety disorder as "Not Severe".  (Tr. 229).

the ALJ also does not make clear the weight accorded the evidence considered."); *id.* at 785-86 ("The ALJ, for example, does not explain why she obviously discounts Dr. Meyers's evaluation . . . .").

When incompatible medical opinions relating to a claimant's allegedly disabling conditions are contained in the record, such as is the situation here regarding Ms. Hayes's mental vocational functioning, then the ALJ's obligation to specify the weight given to such differing proof becomes even more important as *Cowart*, *Hudson*, *Ryan*, and *Shafarz* all confirm.  Otherwise, the court is ill-equipped to decipher, much less to aptly review, how the ALJ resolved the medical matters of conflict.  *See Cowart*, 662 F.2d at 735 (finding reversible error in the absence of assigning weight, because such a "statement tells us nothing whatsoever—it goes without saying that the ALJ gave the testimony the weight he believed should be accorded to it"); *Hudson*, 755 F.2d at 786 (rejecting as inadequate ALJ's indication that he has "carefully considered all the testimony given at the hearing and the documents described in the List of Exhibits. . . .") (internal quotation marks omitted); *cf. Jackson v. Astrue*, No. CV 107-020, 2008 WL 596769, at *6 (S.D. Ga. Mar. 4, 2008) ("In this case, Plaintiff contends that the ALJ's consideration of Plaintiff's psychological impairment is inadequate because not only did the ALJ fail to address the opinions of Drs. Hartlage and Lewis, <u>the ALJ also failed to explain the weight</u>

given to the medical opinions she did cite.") (emphasis added); *id.* ("Although the Commissioner dedicates four pages of his brief to describing the findings of these four medical opinions and another four pages assigning weight to these opinions in a post-hoc attempt to minimize this error, the fact remains that *the ALJ* did not perform such an analysis at the administrative level.") (citation omitted) (emphasis in original).

Therefore, because the ALJ neglected to assign weight to any of the medical opinion evidence that he identified as relevant to his decision and because he treated certain aspects of each doctor's competing mental assessment of Ms. Hayes as acceptable while he purportedly rejected other portions of each one's respective opinion, the Commissioner has committed reversible error. Further, while the ALJ is permitted to reject the opinion of a treating physician when good cause to do so is adequately explained in the decision as well as substantiated by the record, an omission in following this framework also amounts to reversible error.

Accordingly, the Commissioner's decision is alternatively and independently due to be reversed and remanded on account of the multiple errors in the ALJ's treatment of the medical opinion evidence. On remand, the ALJ should discuss all medical opinion evidence with the requisite specificity.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision fails to satisfy the substantial evidence standard and to follow the proper legal framework. Accordingly, the decision of the Commissioner will be reversed and remanded by separate order.

**DONE** and **ORDERED** this 6th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

23